# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

JUNE B. MICHAEL, NANCY NICHOLS,
CATHERINE SWOPE, DEBRA L.
LOUGH, KAREN WRIGHT, REBECCA
J. PAYNE, CLETA GRANT, PAMELA.
MILLER, BARBARA L. ALLMAN, and
PAMELA G. ROGERS,

       Plaintiffs,

v.                                                  **Civil Action No. 3:05CV125 (BAILEY)**

R. JAMES NICHOLSON,
**Secretary of Veterans Affairs,
Department of Veterans Affairs**,

       Defendant.

## ORDER OF PRETRIAL CONFERENCE

On December 17, 2007, the parties in the above-styled civil action appeared before the Court for a pretrial conference. The plaintiffs were present by counsel Harry Waddell and Paul Taylor. The defendant, R. James Nicholson, was present by counsel, Betsy Steinfeld Jividen.

As an initial matter, the Court addressed the parties witness lists, to which neither party stated objection. Next, the Court addressed exhibit lists and corresponding objections, and **ORDERED**

1. As to defendant's objection to **plaintiffs' exhibit number 11** (psychological evaluations), the Court sustained the objection insomuch as the psychological expert will be present at trial to give witness testimony;

2. **Defendant's exhibit number 2** was withdrawn;

3. **Defendant's exhibit numbers 3 through 12** will be excluded to the extent that the plaintiffs will present witness testimony to the same effect; and

4. In regards to the **remaining exhibits**, all parties provided that, assuming the exhibits were introduced through the proper witnesses, the only objections at trial would concern relevance and proper foundation.

The Court further inquired as to motions in limine, and the parties indicated that there were none. Finally, the parties indicated that discovery was complete, and the case was proceeding to trial as scheduled.

Next, the Court addressed the issue of whether the plaintiffs had alleged a single hostile work environment claim, or two separate and distinct claims, one based on alleged harassment by patients in the DOM under the prior urine screening policy, and the other based on alleged harassment by their male co-workers after the policy was changed. The plaintiffs stipulated that they would only pursue the first claim. There being no further business, the Court adjourned the matter.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATE:** December 19, 2007.

JOHN PRESTON BAILEY
UNITED STATED DISTRICT JUDGE